IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| PHEONIX III ASSOCIATION, INC., an Alabama not for profit corporation, Plaintiff, | * * * * | |
| vs. | * * | CIVIL ACTION NO. 10-580 |
| XL SPECIALTY INSURANCE CO., et al., | * * | IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA |
| Defendants. | * * * * | CIVIL ACTION NO.: CV 10-901715 |

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

COMES NOW Defendant XL SPECIALTY INSURANCE COMPANY (hereinafter "XL SPECIALTY"), by and through counsel, and Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of removal of this action from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama. As grounds for removal of the action, Defendant states as follows:

## BACKGROUND

On or about September 15, 2010, Plaintiff Phoenix III Association, Inc. ("Phoenix III"), commenced an action in the Circuit of Baldwin County, Alabama entitled *Phoenix III Association, Inc., and (sic) Alabama not for profit corporation, v. XL Specialty Insurance Company, First Specialty Insurance Corporation, and Nationwide Property & Casualty Insurance Company, A, B, C, D, E, F, G, and/or H*, civil action CV-10-901715. A summons was issued by the Circuit Court of Baldwin County on or about September 16, 2010.

Plaintiff's Complaint alleges various causes of action, to include breach of contract and declaratory judgment.

As set forth below, this Notice is being filed by the properly served Defendants for the Southern District of Alabama within thirty (30) days of service of process. Said removal is being filed within the time allowed by law for removal of this civil action to the United States District Court. True and correct copies of all process, pleadings and orders served upon the defendants in this action are attached hereto as Exhibit "A."

## DIVERSITY OF CITIZENSHIP

For purposes of diversity jurisdiction, a corporation is a citizen of the state wherein it is incorporated and has its principal place of business. 28 U.S.C. §1332 (c)(1). Plaintiff Phoenix III is an Alabama not for profit corporation with its principal place of business in Alabama. Therefore, for purposes of diversity jurisdiction analysis, Phoenix III is a citizen of the State of Alabama.

Defendant XL Specialty is a company incorporated and organized under the laws of the State of Delaware, having its principal place of business in the State of Connecticut where its corporate headquarters are located. For purposes of diversity jurisdiction analysis, XL Specialty is a citizen of both Delaware and Connecticut. Therefore, XL Specialty is not a citizen of the State of Alabama, and is completely diverse from Plaintiff.

Defendant First Specialty Insurance Corporation ("First Specialty") is a company incorporated and organized under the laws of the State of Missouri, having it principal place of business in Missouri where its headquarters are located. For purposes of diversity jurisdiction analysis, First Specialty is a citizen of the State of Missouri. Therefore, First Specialty is not a citizen of the State of Alabama, and is completely diverse from Plaintiff.

Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") is a company incorporated and organized under the laws of the State of Ohio, having its principal place of business in Ohio where its headquarters are located. For purposes of diversity jurisdiction analysis, Nationwide is a citizen of the State of Ohio. Therefore, Nationwide is not a citizen of the State of Alabama, and is completely diverse from Plaintiff. Accordingly, <u>there is complete diversity of citizenship between the Plaintiff and each Defendant</u>.

## **TIMELINESS OF REMOVAL**

The removal of this matter has been made timely. Pursuant to 28 U.S.C. § 1446 (b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Defendant XL Specialty first received a copy of the initial pleading setting forth Plaintiff's claims for relief when it was served by certified mail with summons and complaint on September 21, 2010. *See* Exhibit "B". Defendant First Specialty Insurance Corporation ("First Specialty") first received a copy of the initial pleading setting forth Plaintiff's claims for relief when it was served by certified mail with summons and complaint on September 21, 2010. *See* Exhibit "C". Defendant Nationwide Property & Casualty Insurance Company ("Nationwide") first received a copy of the initial pleading setting forth Plaintiff's claims for relief when it was served by certified mail with summons and complaint on September 27, 2010. *See* Exhibit "D". Thus, this matter is being removed within thirty (30) days of service as allowed.

## AMOUNT IN CONTROVERSY

Plaintiff's Complaint alleges that as a result of Hurricane Ivan, it suffered a loss in excess of $362,365.19 in covered damages. *See* Plaintiff's Complaint, ¶16. Specifically, Plaintiff's Complaint states that it suffered a loss in the amount of $3,455,041.13. *Id*. Plaintiff seeks to recover against the Defendants compensatory damages, interest and costs. *See* Plaintiff's Complaint. It is clear from the face of Plaintiff's Complaint that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Hence, this case exceeds the amount in controversy threshold for diversity jurisdiction set out at 28 U.S.C. § 1332 (a).

Defendants have thus demonstrated by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum, particularly given Plaintiff's claim for damages in excess of $3 million in compensatory damages pursuant to the contracts of insurance.

## SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

Plaintiff's Complaint alleges that as a result of Hurricane Ivan, it suffered a loss in excess of $362,365.19 in covered damages. *See* Plaintiff's Complaint, ¶16. Specifically, Plaintiff's Complaint states that it suffered a loss in the amount of $3,455,041.13. *Id*. Plaintiff seeks to recover against the Defendants compensatory damages, interest and costs. *See* Plaintiff's Complaint. It is clear from the face of Plaintiff's Complaint that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Hence, this case exceeds the amount in controversy threshold for diversity jurisdiction set out at 28 U.S.C. § 1332 (a). Further, Plaintiff is a citizen of the State of Alabama. The Defendant XL Specialty is a citizen of the states of Delaware and Connecticut, Defendant First Specialty is a citizen of the State of Missouri, and Defendant Nationwide is a citizen of the State of Ohio. Thus, there is complete

diversity of citizenship between the Plaintiff and each Defendant. Therefore, federal diversity jurisdiction exists, and Defendants are entitled to remove this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### CONSENT TO REMOVAL and VENUE

Defendants First Specialty and Nationwide consent to this removable as noted in the consent to removal forms filed herewith. *See* Exhibits "E" and "F" respectively.

Venue is proper in this District under 28 U.S.C. § 1441 (a) because this district and division embrace the place in which the removed action has been pending. A copy of this Notice of Removal is being served upon all counsel of record. A true and correct copy of this Notice of Removal is being filed with the Circuit Court of Baldwin County, Alabama in accordance with 28 U.S.C. § 1446(d).

Defendants reserve the right amend this Notice of Removal as deemed necessary and appropriate.

### CONCLUSION

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between the Plaintiff and each Defendant. Moreover, the Plaintiff has affirmatively alleged that the amount in controversy is in excess of $3,000,000.00; therefore, the amount in controversy is far beyond the minimum amount required for diversity jurisdiction. Defendants should not be deprived of their constitutional right to a federal forum pursuant to Article III of the United States Constitution.

Respectfully submitted,

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III (HUMEC8754)
JUAN C. ORTEGA (ORTEJ0001)
Attorneys for XL Specialty Insurance Company

OF COUNSEL:
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
107 Saint Francis Street, Suite 2515
Post Office Box 2648
Mobile, AL 36652
Phone: (251) 338-2721
Fax: (251) 338-2722
chume@ball-ball.com
jco@ball-ball.com

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

David F. Daniell
James Lynn Perry
DANIELL, UPTON, PERRY & MORRIS, P.C.
P.O. Box 1800
Daphne, AL 36526

Michael A. Montgomery
BUTLER PAPPAS
P.O. Box 16328
Mobile, AL 36616

Kori Clement
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
1010 Financial Center
Birmingham, AL 35203

Done this 20th day of October, 2010.

/s/ Christopher G. Hume, III
COUNSEL

6